

**ORDERED in the Southern District of Florida on April 20, 2026.**

_____
**Mindy A. Mora, Judge**
**United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**
**www.flsb.uscourts.gov**

In re:                                              Case No.: 23-15254-MAM

Andrew Michael Demos,                    Chapter 11

      Debtor.

_____/

**ORDER GRANTING DEBTOR'S MOTION FOR A PRE-FILING**
**INJUNCTION AGAINST ELAINE DEMOS AND**
**PROHIBITING FUTURE FILINGS BY ELAINE DEMOS**
**WITHOUT PRIOR COURT APPROVAL**

In less than one month, this Court entered seven orders (collectively, the

"Orders") in response to various motions filed by Elaine Demos, Debtor's ex-wife,

1

seeking substantially the same relief.[1] In the Orders, the Court reminded Ms. Demos that she may address liquidation of postpetition domestic support obligations (DSOs) in state court. The Court granted that relief over two years ago.[2] The Orders also make clear that (i) Ms. Demos cannot seek an untimely roundabout appeal of this Court's prior final determination of the amount of prepetition DSOs asserted in Claim No. 12,[3] and (ii) continued filing of motions designated as an "emergency" without following proper procedures might result in sanctions.[4]

A.   The April 8 Emergency Motion

Ms. Demos's most recent filing (Dkt. No. 687) (the "April 8 Emergency Motion") raised the same arguments that the Court previously ruled upon in prior orders. The Court has already ruled on the April 8 Emergency Motion, and in doing so it noted Ms. Demos's failure to abide by the Court's prior admonition that her unwarranted designation of a motion as an emergency motion would result in sanctions.[5]

Ms. Demos is a licensed attorney in the state of New York. Even so, she has

---

[1] Dkt. Nos. 620, 638, 660, 668, 685, 687, and 690. Five of those motions were labeled as emergency motions. All sought immediate relief that contradicted prior rulings of this Court.

[2] Dkt. No. 103 (as amended by Dkt. No. 525).

[3] Once Ms. Demos obtains a final, liquidated judgment from the state court for postpetition DSOs, this Court will respect the finality of that judgment. Until such time, the Court will abstain from any determination of the amount of postpetition DSOs in favor of the state court's proper concurrent jurisdiction over a post-marital dispute arising from a marital settlement agreement (MSA).

[4] *See, e.g.,* Dkt. Nos. 685 and 690.

[5] Dkt. Nos. 685 and 690.

indicated to the Court that she does not understand bankruptcy law and struggles to represent herself in bankruptcy court.[6] The Court agrees. Ms. Demos's continued pursuit of moot relief indicates that Ms. Demos is either unable or unwilling to comprehend the substance of the Orders. [7]

Ms. Demos's repeated practice of labeling motions as "emergency" is also problematic. Each of Ms. Demos's seven recent motions raises issues from which this Court has abstained or upon which this Court has previously ruled. Continued filing of motions without sufficient legal basis for resolution in this Court places a substantial burden upon this Court's staff and impedes judicial efficiency. Doing so without following proper procedures for emergency motions, including repeated

---

[6] Four attorneys previously represented Ms. Demos in this bankruptcy case. Each of those attorneys withdrew, citing irreconcilable differences. Dkt. Nos. 69, 150, 333, and 384.

[7] The Court also does not foreclose the possibility that Ms. Demos fails to respect rulings that contradict her requests for relief. This table summarizes recent appeals filed by Ms. Demos:

| Case No. | Date Filed | Assigned Judge | Status |
|---|---|---|---|
| 9:26-cv-80351-AMC | 03/31/26 | Cannon | Open |
| 9:26-cv-80350-AMC | 03/31/26 | Cannon | Open |
| 9:25-cv-81585-DMM | 12/17/25 | Middlebrooks | Closed 12/17/25 |
| 9:25-cv-81584-AMC | 12/17/25 | Cannon | Dismissed 12/31/25 |
| 9:25-cv-81583-EA | 12/17/25 | Artau | Closed 12/17/25 |
| 9:25-cv-81581-EA | 12/17/25 | Artau | Closed 12/17/25 |
| 9:25-cv-80400-RLR | 03/27/25 | Rosenberg | Closed 7/18/25 |

failure to attempt to resolve the matter with opposing counsel prior to seeking emergency relief, strongly indicates that Ms. Demos does not understand or appreciate the legal effect of this Court's prior rulings.

B. Debtor's Motion

Two days after the April 8 Emergency Motion, Debtor filed a motion (Dkt. No. 694) (the "Motion") seeking a pre-filing injunction against Ms. Demos. The Motion requests entry of an order (i) enjoining Ms. Demos from filing any further motions, pleadings, or papers on the docket of this bankruptcy case without first obtaining leave of Court, (ii) requiring Ms. Demos to first file a written request titled "Request for Leave to File," and attaching the proposed filing, and (iii) requiring Ms. Demos to certify under penalty of perjury that the proposed filing is made in good faith, is not repetitive of prior arguments, and is not intended to harass any party or to burden the Court.

Debtor also filed a motion seeking emergency consideration (Dkt. No. 698) of the Motion. That motion was granted by order entered on April 16, 2026 (Dkt. No. 708), and set a hearing on this Motion for April 17, 2026 at 10:00 a.m.

ANALYSIS

The relief Debtor seeks is not without precedent in this district. Several years ago, Judge Kimball entered an order prohibiting filings without leave of court in order to limit vexatious litigation.[8] In 2025, Judge Russin entered a similar order.[9] Just a

---

[8] Order Holding Frederick J. Keitel, III in Contempt of Court and Addressing Related Matters, *In re Keitel, III,* Case No. 15-21654-EPK (Bankr. S.D. Fla. Dec. 12, 2017), Dkt. No. 907.

[9] *In re Vital Pharmaceuticals, Inc.,* 671 B.R. 825 (Bankr. S.D. Fla. 2025).

few days ago, the district court entered an order prohibiting filings without leave of court in one of Ms. Demos's pending appeals, after Ms. Demos submitted an excessive number of filings to that court.[10]

Ms. Demos's practice of filing repetitive motions seeking consideration (or reconsideration) of matters upon which the Court has previously ruled places a significant burden upon the Court. It also causes Debtor and other interested parties to incur unnecessary legal fees and costs. Ms. Demos's practice of designating all recent motions as "emergency" filings places an unsustainable burden upon chambers and Court staff, straining this Court's limited resources. And, in the face of such abuse, the Court must protect itself for the benefit of all who seek to come before it.

When a litigant abuses the right to file through meritless, repetitive, and harassing filings, the Court must act. Access to justice does not provide a "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[11] Litigants like Ms. Demos must yield to the greater good that this Court seeks to advance, so that all who seek relief in this Court may have their petitions and claims heard.

The Court will therefore require Ms. Demos to seek approval of this Court prior to filing any future motions, pleadings or objections in this Court. The Court will review each request for leave to file and determine whether the proposed filing may

---

[10] PAPERLESS ORDER sua sponte limiting future motion practice and filings on the docket, *Demos v. Demos*, No. 26-cv-80351 (S.D. Fla. Apr. 13, 2026), Dkt No. 20.

[11] *Patterson v. Aiken,* 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986); *Vital Pharmaceuticals*, 671 B.R. at 828-29 (citing same).

proceed. Unless and until leave is granted, the Court will not entertain filings from Ms. Demos seeking relief in this bankruptcy case.

The injunction imposed by this order will not bar Ms. Demos from filing a timely notice of appeal from any final order of this Court, from responding to motions or discovery where a response is specifically required, or from participating as a witness if properly noticed.

## ORDER

The Court ORDERS:

1.       The Motion (Dkt. No. 694) is GRANTED solely as set forth in this Order.

2.       Injunction. Effective immediately, Ms. Demos is enjoined from filing any further motions, pleadings, or objections on the docket in this chapter 11 case without first obtaining leave of Court.

3.       Request for Leave to File. To seek leave, Ms. Demos must deliver to the Clerk a written request titled "Request for Leave to File," attach the proposed motion, pleading, or objection, and certify under penalty of perjury that the proposed motion, pleading, or objection is (i) made in good faith, (ii) not repetitive of prior arguments, and (iii) not intended to harass any party or burden the Court. Any Request for Leave to File submitted by Ms. Demos must not exceed five pages and must explain why she should be permitted to file the proposed motion, pleading, or objection, and attach a full copy of the proposed motion, pleading, or objection. Until leave of Court to file the proposed motion, pleading, or objection is granted, Ms. Demos must not serve the Request for Leave to File or the proposed motion, pleading, or objection on any party.

4.      <u>Review of Request for Leave to File</u>. The Clerk is directed to receive any such Request for Leave to File and deliver it to chambers without filing it in the relevant docket. The Court will review any such request and determine whether the proposed motion, pleading, or objection should be accepted by the Clerk for filing on the docket in this case. Unless and until leave is granted, the Court will not entertain any motion, pleading, or objection from Ms. Demos seeking relief in this bankruptcy case, and the Clerk is directed not to accept for filing any motion, pleading, or objection from Ms. Demos until authorized to do so by the Court.

5.      <u>Determination Allowing Filing and Service.</u> If the Court determines that Ms. Demos may file the requested motion, pleading, or objection, the Court will cause the Clerk to file both the Request for Leave to File and the subject motion, pleading, or objection on the docket in this case. At that point, Ms. Demos must serve the underlying motion, pleading, or objection as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and other applicable law.

6.      <u>Determination Disallowing Filing</u>. If the Court determines that Ms. Demos may not file the requested motion, pleading, or objection, then the Court will enter an order directing the Clerk to (i) place the Request for Leave to File (along with the attached requested motion, pleading, or objection) on the appropriate docket in a manner that is not accessible to the public, and (ii) docket separately the Court's order denying the Request for Leave to File. Under this procedure, each Request For Leave to File and proposed motion, pleading, or objection presented by Ms. Demos will be available for any potential appeal (even if not publicly accessible), but parties

7

in interest will not receive electronic or other service of a proposed motion, pleading, or objection unless and until the Court approves it for filing, thereby limiting the need for parties in interest to incur legal fees and costs.

7. <u>Actions Not Prohibited by Injunction</u>. This injunction does not bar Ms. Demos from filing a timely notice of appeal from any final order of this Court, from timely responding to motions or discovery where a response is specifically required, or from participating as a witness if properly noticed.

8. <u>Refusal of Noncompliant Filings</u>. The Clerk is directed to refuse to accept any noncompliant filings from Ms. Demos.

9. <u>No Ex Parte Communications</u>. Consistent with the policies posted on Judge Mora's webpage, ex parte communications with the Court regarding active matters, including this bankruptcy case, are prohibited.[12]

10. <u>Retention of Jurisdiction</u>. This Court retains jurisdiction to enforce the terms of this Order.

###

Copy to:

Elaine Demos
17686 Cadena Drive
Boca Raton, FL 33496
lenidemos7@gmail.com

County Clerk
Supreme Court of the State of New York, County of Suffolk
310 Center Drive
Riverhead, NY 11901
*Re: Index No. 06664-2018*

---

[12] Email communications from Ms. Demos to Chambers staff may be deleted without a response.

8

ATTN: Chief Clerk's Office
Robert Serva, Chief Clerk
Supreme Court of the State of New York, County of Suffolk
1 Court Street
Riverhead, NY 11901
*Re: Index No. 06664-2018*

Vesselin Mitev, Counsel to Ms. Demos in *Demos v. Demos* (Supreme Court of the
State of New York, County of Suffolk, Index #06664-2018)
MITEV Law Firm
1214 North Country Road
Stony Brook, New York 11790
vess@mitevelaw.com

Jennifer Rosenkrantz, Counsel to Debtor in *Demos v. Demos* (Supreme Court of the
State of New York, County of Suffolk, Index #06664-2018)
200 Garden City Plaza
Suite 301
Garden City, NY 11530
jrosenkrantz@krdslaw.com

Fifteenth Judicial Circuit Court
South County Courthouse
200 West Atlantic Ave.
Delray Beach, FL 33444
ATTN: Case No. 50-2024-DR-004342-XXXA-SB (Judge Rowe)

Joel M. Weissman, P.A., Attorney for Ms. Demos in *Demos v. Demos* (15th Judicial
Circuit for the State of Florida, Case No. 20-2024-DR-004342-XXXA-SB)
515 N Flagler Dr Ste 801
West Palm Beach, FL 33401-4324
joel@jmwpa.com

Karen Weintraub, Attorney for Debtor in *Demos v. Demos* (15th Judicial Circuit for
the State of Florida, Case No. 20-2024-DR-004342-XXXA-SB)
Sidweber & Weintraub, P.A.
3020 NE 32nd Ave Ste 301
Fort Lauderdale, FL 33308-7204
karen@sidweberlaw.com

Angela Noble, Clerk of Court
United States District Court, Southern District of Florida

9

Wilkie D. Ferguson, Jr. U.S. Courthouse
400 North Miami Avenue
Miami, FL 33128
*Case Nos. 9:26-cv-80350-AMC and 9:26-cv-80351-AMC*

Dana Kaplan, Attorney for Debtor

*Attorney Kaplan is directed to serve a copy of this Opinion and Order upon all interested parties, including those listed on this Opinion, following all applicable rules.*